RECEIVED
FEB - 8 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PHILLIP COLLINS #425800 | DOCKET NO. 12-CV-2219; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| SANDY MCCAIN, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff Phillip Collins, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) and is incarcerated at Winn Correctional Center in Winnfield, Louisiana. Plaintiff seeks $80,000 dollars for personal injury to his toes that occurred while he was housed at the J. Levy Dabadie Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on February 2, 2012, he was on work detail at "Pinecrest State Hospital" in Pineville, Louisiana. He states that he was "run over" with a state vehicle driven by officer John Hoak, who was "not aware of what he's doing." [Doc. #1, p.2] Plaintiff states that Hoak backed off of Plaintiff's foot once the inmates were able to get his attention. [Doc. #1, p.2] The officer called JLDCC for assistance.

Plaintiff was transported back to JLDCC where he was examined

by Nurse Michot, who provided Plaintiff with a "duty status" and a bottle of ibuprofen. Plaintiff states that he asked Michot to be taken to the hospital for an x-ray or MRI. Plaintiff was provided with crutches.

According to an exhibit submitted by Plaintiff (First Step Response Form by Nurse Michot), there was no swelling noted immediately following the injury; Plaintiff could move his toes freely, and there was no deformity. Plaintiff was given a duty status of "Must Sit To Work." Plaintiff returned to the nurse on February 6, 2012, stating that he could not sit to work due to pain, and that he wanted a bottom bunk instead of his top bunk. Nurse Michot gave Plaintiff a duty status of Bed Rest and gave Plaintiff a bottom bunk. [Doc. #6-3, p.3] The nurse reassessed Plaintiff's toes, and again noted no swelling or bruising. On February 9, 2012, Nurse Michot again checked Plaintiff's toes, and noted there was still no swelling or bruising. Nonetheless, the nurse obtained a physician's order for an x-ray to ensure there was no fracture. [Doc. #6-3, p.3] On February 10, 2012, Plaintiff received an x-ray of his foot, which was normal. Still, Plaintiff was allowed to continue with his duty status based on his complaints of pain. Plaintiff was reassessed by Nurse Michot on February 17 and 27, 2012, and March 7, 2012. On March 14, 2012, Plaintiff was evaluated by the physician, who documented no edema and no bruising. [Doc. #6-3, p.3]

Plaintiff objected to Nurse Michot's response because it did not address the "negligence of Mst Sgt John Hoak." [Doc. #6-3, p.3] He complains that Hoak is liable for his negligence; that Warden McCain is liable as "head of operation" for failing to see that Plaintiff was taken to a hospital for his injuries; and he claims that Nurse Michot is liable for denying him a "trip to the hospital" to see a doctor for an x-ray or MRI after the accident.

### Law and Analysis

1. Accident caused by Hoak

Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker v. McColl, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roar, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations against John Hoak do not indicate the violation of a constitutional right. See eg. Benton v. Grant, 31 Fed.Appx. 160 (5th Cir. 2001) (unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it). Rights guaranteed under the Eighth Amendment are violated only if

the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. Deliberate indifference requires the subjective intent to cause harm. <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 649 (5th Cir. 1996)(en banc). Plaintiff claims that Hoak ran over his toes/foot because he was not paying attention. He does not allege deliberate indifference by Hoak. He alleges, at best, a negligence claim against Hoak.

2. Medical Care

To state a claim under §1983 for the denial of adequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). Even if care is inadequate, it is clear that not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See <u>id.</u> at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. <u>Victoria W. v. Larpenter</u>, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* <u>Lawson v. Dallas County</u>, 286 F.3d 257, 262 (5th Cir. 2002).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that:

4

(1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. Thompson v. Upshur County, Texas, 245 F.3d at 458-59. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff was examined on February 2nd, 6th, and 9th, at which time an x-ray was ordered, despite any clinical signs of fracture. The x-ray was performed the next day on February 10th, and was indeed normal. Nonetheless, Plaintiff was examined on February 17th and 27th, and again on March 7th and 14th. He was accommodated first by a "Must Sit to Work" status and then by a "Bed Rest" status. He was provided a bottom bunk, all despite any bruising, edema or swelling. Plaintiff has not alleged that he was exposed to a substantial risk of serious harm, nor has he presented facts indicative of deliberate indifference. His complaints were not ignored, and he received accommodations and medication.

Plaintiff clearly disagrees with the time frame in which his x-ray was ordered; however, a mere disagreement with a course of medical treatment does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir.

5

1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

Finally, even if Prisoner had made the proper allegations of fact, the Prison Litigation Reform Act states in pertinent part that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated the "physical injury" requirement of §1997e(e) to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). In the case *sub judice*, Plaintiff cannot identify any physical injury that is more than *de minimis* - there was no fracture, no swelling, no bruising, and no bleeding.

3. Warden McCain

Plaintiff names the warden as a defendant as the general "overseer" at JLDCC. However, liability under section 1983 cannot be established solely on a theory of respondeat superior. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269 (1812)(a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his

subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). There are no allegations or evidence that the warden was personally involved in the decisions regarding Plaintiff's medical care.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED with prejudice** as frivolous and for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(b) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the**

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 8th day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE